O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| EVANGELINA CASTRO, | ) | Case No. EDCV 09-1966-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff Evangelina Castro seeks judicial review of the
Commissioner's denial of her application for Supplemental Security
Income ("SSI") benefits under the Social Security Act. For the reasons
stated below, the decision of the Commissioner is REVERSED and REMANDED
for further proceedings consistent with this opinion.

**I. Factual and Procedural History**

    Plaintiff was born on April 12, 1957. (Administrative Record ("AR")
14, 82.) She has a tenth grade education with no other specialized trade

1  or vocational training. (AR 14, 90.) Plaintiff's only work experience is

2  as an assembly line worker from 1987 to 1989. (AR 87.)

3      Plaintiff filed an application for benefits on May 21, 2007,

4  alleging that she had been disabled since April 1, 2003, due to

5  psychotic disorder not otherwise specified and substance abuse. (AR 9,

6  36.) Plaintiff's application was denied initially on October 10, 2007,

7  (AR 40-43) and upon reconsideration on February 18, 2008. (AR 46-50.) An

8  administrative hearing was held on April 16, 2009, before Administrative

9  Law Judge ("ALJ") F. Keith Varni, at which Plaintiff, represented by

10 counsel, testified. (AR 22-33.)

11     On August 4, 2009, ALJ Varni denied Plaintiff's application for

12 benefits. (AR 9-15.) The ALJ found that Plaintiff had not engaged in

13 substantial gainful activity during the time period at issue. (AR 10.)

14 The ALJ further found that the medical evidence established that

15 Plaintiff suffered from the following severe impairments: psychotic

16 disorder NOS and substance abuse. (Id.) However, the ALJ concluded that

17 Plaintiff's impairments did not meet, or were not medically equal to,

18 one of the impairments listed in 20 C.F.R., Part 404, Subpart P,

19 Appendix 1. (AR 11.) The ALJ concluded that Plaintiff retained the

20 residual functional capacity ("RFC") to perform a full range of work at

21 all exertional levels "but with the following nonexertional limitations:

22 she can perform simple, repetitive tasks (20 CFR 416.920(e); SSR 85-

23 15)." (AR 12.) The ALJ found that Plaintiff had no past relevant work.

24 (AR 14.) However, relying on the Medical-Vocational Guidelines (the

25 "grids"), the ALJ found that there were jobs that exist in significant

26 numbers in the national economy that Plaintiff could perform (20 C.F.R.

27 416.969, 416.969a). (Id.) The ALJ concluded that Plaintiff was not

28 disabled within the meaning of the Social Security Act. (Id.)

On September 21, 2009, the Appeals Council denied review (AR 1-3), and Plaintiff timely commenced this action for judicial review. On May 7, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly evaluating the severity of Plaintiff's physical impairments; (2) failing to properly consider the lay testimony of Plaintiff's friend; (3) failing to re-contact Plaintiff's treating physician and/or secure a psychiatric consultative examination; (4) improperly evaluating Plaintiff's impairments in accordance with the criteria of the Listing of Impairments; and (5) improperly relying on the grids in concluding that there were a significant number of jobs in the national economy that Plaintiff could perform. (Joint Stp. 2-3.) Plaintiff requests that this Court reverse and remand for an award of benefits, or in the alternative, reverse and remand for a new administrative hearing. (Joint Stp. 40-41.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stp. 41.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in relying on the grids to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold

---

[1]  The Court will only address the ALJ's reliance on the grids in detail. However, as noted above, Plaintiff also contends that the ALJ made various other errors. Because the ALJ erred by improperly relying on the grids, the Court does not reach these remaining issues and will not decide whether these issues would independently warrant relief.

the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred by neglecting to obtain vocational expert testimony on the issue of whether there existed work in the national economy that Plaintiff could perform and instead relying solely on the grids. (Joint Stip. 38.) The Court agrees.

Once a claimant has demonstrated the existence of a severe impairment that precludes her from doing past work, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform despite her impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Commissioner may satisfy this burden by: (1) taking the testimony of a

1   vocational expert or (2) applying the grids at 20 C.F.R., Part 404,

2   Subpart P, Appendix 2. *Id.*

3       The grids provide a system "for disposing of cases that involve

4   substantially uniform levels of impairment." *Desrosiers v. Sec'y of*

5   *Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J.,

6   concurring). The grids categorize jobs by three physical-exertional

7   requirements: "[m]aximum sustained work capacity limited to sedentary

8   work," "[m]aximum sustained work capacity limited to light work," and

9   "[m]aximum sustained work capacity limited to medium work." *Tackett v.*

10   *Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). These exertional levels are

11   further divided by a claimant's age, education, and work experience. *Id.*

12   The grids direct a finding of "disabled" or "not disabled" depending on

13   a claimaint's particular combination of factors. *Id.*

14       There are "strict limits on when the Secretary may rely on the

15   Guidelines." *Desrosiers*, 846 F.2d at 578 (Pregerson, J., concurring). An

16   ALJ may only substitute the grids for vocational expert testimony when

17   they "*completely and accurately* represent a claimant's limitations."

18   *Tackett*, 180 F.3d at 1101 (emphasis in original); *see also Holohan v.*

19   *Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). This means that "a

20   claimant must be able to perform the *full range* of jobs in a given

21   [exertional] category" for the grids to apply. *Tackett*, 180 F.2d at 1101

22   (emphasis in original); *see also Burkhart*, 856 F.2d at 1340. Because

23   "the grids are predicated on a claimant suffering from an impairment

24   which manifests itself by limitations in meeting the strength

25   requirements of jobs[,] they may not be fully applicable" for a

26   claimant's non-exertional limitations. *Lounsberry v. Barnhart*, 468 F.3d

27   1111, 1115 (9th Cir. 2006). The mere allegation of a nonexertional

28   limitation, however, does not preclude the use of the grids. For the

grids to be inadequate, the nonexertional limitation must be "'sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations.'" *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (quoting *Burkhart*, 856 F.2d at 1340); *see also Desrosiers*, 846 F.2d at 577. When "a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." *Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988).

In the present case, the ALJ found that, while Plaintiff had an RFC to perform a full range of work at all exertional levels, her psychiatric impairments limited her to "simple, repetitive tasks." (AR 12.) The grids do not completely describe these nonexertional limitations, which would preclude her from performing the full range of work at any exertional level. As such, it was improper for the ALJ to rely on the grids at step five rather than taking vocational expert testimony. *See, e.g.*, *Tackett*, 180 F.3d at 1103-04 (vocational expert testimony necessary because claimant's need to shift, stand up, or walk around every thirty minutes is significant nonexertional limitation not contemplated by grids); *Polny*, 864 F.2d at 663-64 (grids inapplicable because, although claimaint was "capable of performing a wide range of jobs," he could not perform ones that were "highly stressful," that "require[d] comprehension of complex instructions," or "require[d] dealing with the public"); *Burkhart*, 856 F.2d at 1341 & n.4 (grids inapplicable because they did not account for the claimaint's need to avoid stressful environments, his inability to regularly use his hands, or his vision problems). In addition, it was improper for the ALJ to rely on the grids here where Plaintiff's only severe impairments were

6

psychiatric. *Holohan*, 246 F.3d at 1208-09 (ALJ committed legal error by relying on grids where ALJ found that claimaint had no severe physical impairments and her only severe impairments were psychiatric).

Instead of taking vocational expert testimony, the ALJ merely stated that, although Plaintiff's "ability to perform work at all exertional levels has been compromised by nonexertional mental limitations," nevertheless she "could perform unskilled work at all levels of exertion, including such jobs as cleaner, maid, housekeeper, kitchen helper, laundry work, assembler and packager." (AR 14.) This was insufficient to meet the ALJ's burden at step five. The ALJ should have had a vocational expert testify as to whether there were jobs in the national economy that Plaintiff could perform despite her specific nonexertional limitations. Accordingly, the matter shall be remanded for additional proceedings to correct this error.

**IV.   Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: May 19, 2010

MARC L. GOLDMAN
_____
MARC L. GOLDMAN
United States Magistrate Judge

7